In the wall of the street side of the shaft there was a window on each floor; the casement and sashes of these windows were set into the wall so that the window panes were about eight inches from the surface of the shaft wall. In this shaft was a freight elevator, the floor of which was seven feet five inches by five feet eight inches. The sides of the elevator were inclosed, but the front and rear were open, to allow entrance from the street and floors of the building. It was started and stopped by a cable on which was a safety clutch; when the clutch was closed it prevented the starting of the elevator. There was no one employed to operate the car. On the day in question the plaintiff brought furs that he had collected from the customers of his employer, and with the help of his assistant and his employer's shipping clerk loaded them on the elevator. The helper ran the elevator to the third floor, and the plaintiff rode up with the load. After his receipt book was signed, he returned to the elevator and stood looking out of the window in the elevator shaft while the furs were being transferred from the elevator. The elevator suddenly started up and the plaintiff was caught between the top of the window opening and the floor of the elevator and seriously injured.

*Valentine Taylor, Vincent L. Leibell* and *Joseph Force Crater* for appellant.

*James J. Mahoney* and *George J. Stacy* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

OWEN SHANLEY, Respondent, *v.* THE TOWN OF STILL-WATER, Appellant.

*Negligence — highways — damage to automobile through defect in highway.*

*Shanley* v. *Town of Stillwater,* 201 App. Div. 232, affirmed.

(Argued June 11, 1923; decided July 13, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department,

entered May 17, 1922, affirming a judgment in favor of plaintiff entered upon a verdict. The action was brought to recover damages for injury to an automobile truck, alleged to have been sustained by reason of a defect existing in one of the highways of the town of Stillwater by reason of the negligence of the town superintendent of highways of said town. The defect complained of consisted of a hole in the beaten and traveled part of the highway about three feet long, two feet wide and two or more feet deep. It was alleged that said defect had existed for so long a time that the town superintendent of highways, and the other officers, agents, servants and employees of the town should have known of the conditions.

*Robert W. Fisher* and *George B. Lawrence* for appellant.
*Edward J. Donahue* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

ARCHIBALD D. RUSSELL, Respondent, *v.* FRANK G. PORTER, Appellant.

*Practice — order of arrest — sufficiency of papers.*

*Russell* v. *Porter*, 203 App. Div. 880, affirmed.
(Argued June 11, 1923; decided July 13, 1923.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 3, 1922, which affirmed an order of Special Term denying a motion to vacate an order of arrest.

The following questions were certified: " 1. Were the original papers upon which the order of arrest was founded insufficient in law?

" 2. Had the Special Term, upon the motion to vacate, power to receive additional affidavits to supply the defects of the papers upon which the order of arrest was granted?